C. LOPEZ, plaintiff in error, *vs.* FELIX McARDLE, administrator, defendant in error.

A claim by one partner against his co-partner for an unascertained amount, growing out of partnership transactions, and which can only be ascertained by a settlement of the partnership concerns, is not required, before such settlement, to be given in for taxation. Hence, where a bill is brought to compel such a settlement of a partnership, which ceased business without formal dissolution, before June, 1865, it is not necessary for complainant to file an affidavit of payment of taxes on the claim sought to be enforced.

Relief Act of 1870. Tax affidavit. Partnership. Before Judge HARRELL. Muscogee Superior Court. May Term, 1871.

C. Lopez filed his bill against Thomas Brassill for a settlement of the partnership business of the firm of Brassill & Lopez. Pending the suit, the defendant died, and Felix McArdle, his administrator, was made a party. When said

Lopez *vs.* McArdle.

cause came on to be tried, the defendant moved the Court to dismiss the bill, upon the ground that the same was founded upon a contract made prior to June 1st, 1865, and no affidavit as to the payment of taxes had been filed, as required by the law. It was admitted that the bill was filed for an account and settlement of a partnership, which was created and existed prior to June 1st, 1865; that the business of said partnership was closed on the 16th day of April, 1865, and that there had been no settlement at any time between the partners.

The Court dismissed the case, and plaintiff in error excepted and assigns said ruling as error.

WILLIAM DOUGHERTY; BLANDFORD & CRAWFORD; B. A. THORNTON; W. F. WILLIAMS, for plaintiff in error.

L. T. DOWNING, for defendant.

MONTGOMERY, Judge.

This was a bill filed by one partner against his co-partner for an account. The business of the partnership was broken up by the raid of General Wilson, on the 16th April, 1865. The bill alleges that, by the terms of the partnership, the defendant's intestate received and paid out all moneys of the concern and kept the books; that large profits were made, all of which went into the hands of the defendant's intestate, and that he had never accounted with complainant. The answer denies the partnership, but with that we have nothing to do, as the bill was dismissed, on motion of defendant, for want of a tax affidavit. In considering the correctness of the dismissal, we must assume the allegations of the bill to be true, and if they are, it was the business of the defendant to pay the taxes, by the terms of the partnership, to say nothing of the impossibility of the complainant's making an intelligent return of his interest, with no data to found it upon.

Judgment reversed.